IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY MARSHALL #183459,

          Plaintiff,          :

          v.               :          CIVIL ACTION NO. RWT-11-1106

CORRECTIONAL MEDICAL SERVICES,  :
et al.,

                            :

          Defendants.

## MEMORANDUM OPINION

On April 25, 2011, Gregory Marshall, presently confined at the Western Correctional Institution in Cumberland, filed a civil rights action seeking money damages against various medical providers under contract with the Maryland Division of Correction. In addition to filing a complaint, Marshall moved for leave to proceed in forma pauperis.

Marshall's allegation that confusion as to which health care provider would provide his special contact lenses led to constitutionally impermissible delays under the Eighth Amendment was fully addressed in the December 14, 2010 Memorandum issued in <u>Marshall v. Tessema, et al.</u>, Civil Action No. JFM-08-3269 (D. Md.)[1]  In that action, the Honorable J. Frederick Motz found much of the delay in obtaining the lenses attributable to Marshall.[2]

This case is subject to dismissal as it is fully and finally litigated. Futhermore, Marshall's claim for money damages is precluded under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the

---

[1] The case was dismissed in its entirety on January 12, 2011, and Marshall's appeal dismissed on April 21, 2011.

[2] The undersigned notes that Marshall is attempting to "judge shop" by including members of this bench who have ruled against him in prior cases in the caption of his complaint.  The practice ends here.

court determines that --

> (A)    the allegation of poverty is untrue; or
> (B)    the action or appeal --
>> (I)    is frivolous or malicious;
>> (ii)    fails to state a claim on which relief may
>> be granted; or
>> (iii)    seeks monetary relief against a defendant
>> who is immune from such relief.

In addition, 28 U.S.C. § 1915(g) mandates that:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has, on
> 3 or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to
> state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

Marshall has three previous "strikes" under the PLRA.[3]  Marshall's present claim does not present extraordinary circumstances or imminent danger of serious physical injury.  The case shall be dismissed and indigency status denied.  A separate Order follows.

Date: <u>May 5, 2011</u>          <u>                /s/                 </u>

                                             ROGER W. TITUS
                                 UNITED STATES DISTRICT JUDGE

---

[3]See  Marshall v. Lanham, Civil Action No. AW-97-990 (D. Md. 1997); Marshall v. Correctional Center of Howard County, Civil Action No. AW-97-2536 (D. Md. 1997); and Marshall v. Kemmerer, Civil Action No. AW-02-2133 (D. Md. 2003).